UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES W. PENDER | CIVIL ACTION NO. 3:13-cv-0039 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| DISTRICT ATTORNEY | |
| NEWELLTON DISTRICT COURT | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

James W. Pender, proceeding *pro se* and *in forma pauperis*, filed the instant petition for writ of *habeas corpus* on January 17, 2013. He subsequently filed motions for appointment of counsel and to present evidence. [Docs. 3 and 4] These matters have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petitions [Doc. 1 and 7] and accompanying motions [Docs. 3 and 4] be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Background*

Pender claims that he was wrongly convicted of the crime of manslaughter arising out of the death on one Johnny Griggs on June 27, 1992. According to Pender, he was originally charged with second degree murder but on advice of counsel, Mr. Ramon Cannon, he pled guilty to manslaughter and received and served a sentence of 7 ½ years. Sometime after his conviction, in February 1995, he filed a complaint with the Office of Disciplinary Counsel in which he alleged the ineffectiveness of his attorney. Pender also claimed to have unsuccessfully sought *habeas corpus* relief in the Sixth Judicial District Court on some unspecified date. [Doc. 1]

In a subsequent pleading filed on February 1, 2013, Pender confirmed that he is no longer incarcerated as a result of the conviction and that he was convicted and imprisoned due to the ineffective assistance rendered by his trial counsel, Mr. Ramon Cannon who failed to fully investigate the autopsy report. [Doc. 7]

As noted above, Pender also seeks appointment of counsel [Doc. 3] and the admission of an item of documentary evidence, namely a copy of what purports to be the autopsy report concerning the death of Mr. Griggs. [Doc. 4]

*Law and Analysis*

*1. Subject Matter Jurisdiction*

Based on the pleadings, exhibits, and published jurisprudence, it appears that the Court does not have subject matter jurisdiction over petitioner's *habeas* claims. This is so because 28 U.S.C. § 2254 authorizes the district court to "... entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner was sentenced to serve 7 ½ years in custody for a crime committed in the 1990's. Clearly, that sentence has long ago expired. Generally, a *habeas* petitioner whose sentence has expired is no longer "in custody" for purposes of Section 2254. *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Pleasant v. State of Texas*, 134 F.3d 1256, 1258 (5th Cir.1998). However, if the attacked conviction was used to enhance a subsequent sentence, the prisoner may, in some circumstances, challenge the new sentence. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 405, 121 S.Ct. 1567, 149 L.Ed.2d

608 (2001). In *Coss*, the *habeas corpus* petitioner had been convicted of various criminal offenses in 1986. In 1990, after petitioner had completed the sentences imposed for the 1986 convictions, petitioner was convicted of aggravated assault. The trial court imposed an enhanced sentence based on petitioner's extensive criminal record, including the 1986 convictions. The petitioner filed a petition for writ of *habeas corpus* in federal court attacking the 1986 convictions on grounds that his trial counsel was ineffective. The United States District Court held that it could exercise *habeas* jurisdiction because the 1986 convictions were relied upon by the trial court when it imposed an enhanced sentence. Nevertheless, the District Court declined to grant relief by finding that petitioner had not established that his trial counsel was ineffective. The Third Circuit Court of Appeals agreed with the trial court on the jurisdictional issue but reversed on the merits. The District Attorney applied for *certiorari* seeking review of the jurisdictional issue.

      The United States Supreme Court reversed and held that <u>once a state conviction is no longer open to direct or collateral attack in its own right, because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the conviction may be regarded as conclusively valid</u>. *Coss*, 532 U.S. at 403-04, 121 S.Ct. at 1574 (emphasis supplied)

      In this case, it appears that petitioner's 7 ½ year sentence for manslaughter long ago expired. In short, the petition must be dismissed since petitioner is no longer "in custody" as a result of the manslaughter conviction and this court lacks subject matter jurisdiction to entertain his claims.

**2. Time Bar**

Nevertheless, even if this court could exercise jurisdiction, petitioner's *habeas* claims would be subject to dismissal as time-barred by the provisions of 28 U.S.C. §2244(d). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's judgment of conviction and sentence probably became final prior to the effective date of the AEDPA. The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. The limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v.*

4

Case 3:13-cv-00039-RGJ-KLH   Document 11   Filed 05/03/13   Page 5 of 6 PageID #: 70

*Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*. Petitioner did not file his *habeas* petition within the grace period and therefore it is clearly untimely.

### *Conclusion and Recommendation*

Petitioner is no longer "in custody" with regard to the complained of conviction for manslaughter and therefore the Court lacks subject matter jurisdiction over his writ of *habeas corpus*. Further, even if petitioner were "in custody" with respect to that charge, his claim must be dismissed as time-barred by the provisions of 28 U.S.C. §2244(d).

Accordingly,

Petitioner's motion to appoint counsel [Doc. 3] and his motion to present evidence [Doc. 4] are **DENIED;** and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner is no longer "in custody" with respect to the conviction attacked and therefore this court lacks subject matter jurisdiction to consider his claims and, alternatively because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 3, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE